**halunenlaw**

EMPLOYMENT • CONSUMER • WHISTLEBLOWER

**VIA CM/ECF**  July 14, 2017
Honorable Leonard D. Wexler
United States Courthouse
944 Federal Plaza
Central Islip, New York 11722

   Re: *Dube v. Rexall Sundown, Inc.*, No. 2:17-cv-01510

Dear Judge Wexler:

We represent Plaintiff and write in response to Defendant's July 7, 2017, pre-motion letter.

**1. The Primary Jurisdiction Doctrine Does Not Warrant a Stay.**

Defendant argues Plaintiff's claims are subject to the FDA's primary jurisdiction. However, "[t]he primary jurisdiction doctrine is 'relatively narrow' in scope." *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *7 (E.D.N.Y. Aug. 29, 2013) ("*In re Frito-Lay*"). Courts in the Second Circuit consider the following four factors in determining whether to apply the doctrine: "(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made." *Ellis v. Tribune Television Co.*, 443 F.3d 71, 82-83 (2d Cir. 2006). Here, although food and supplement labeling may be within the agency's discretion, the other factors weigh against granting a stay.

Courts have held, in nearly factual identical circumstances, they are "well qualified to interpret regulations and to resolve matters regarding allegations of false and misleading representations." *Gubala v. CVS Pharm., Inc.*, No. 14 C 9039, 2016 WL 1019794, at *16 (N.D. Ill. Mar. 15, 2016). Moreover, although some courts have granted motions to stay "natural" cases, more recent decisions have not. *E.g.*, *Burton v. Hodgson Mill, Inc.*, No. 16-CV-1081-MJR-RJD, 2017 WL 1282882, at *8 (S.D. Ill. Apr. 6, 2017); *Morales v. Kraft Foods Grp., Inc.*, No. 2:14-cv-04387-JAK-PJW (C.D. Cal. Dec. 6, 2016), ECF No. 273. The court in *Burton* rejected the defendant's argument that the case should be stayed, holding that "[a]waiting FDA action would unnecessarily protract this litigation" because the FDA had "not yet issued any further timeframe or next steps" despite issuing a call for proposals in the fall of 2016 and because "the FDA's eventual formal definition has no bearing on a reasonable consumer's perception at the time this product was advertised and purchased." 2017 WL 1282882, at *8. Similarly, here, the question is whether the Products' labels are deceptive to reasonable consumers. Any eventual formal definition will have no bearing on perceptions when Defendant's Products were advertised and purchased; thus, awaiting FDA action would unnecessarily delay this case. And, given the current administration's plan to "streamline the FDA" and get rid of many regulations, the FDA's ability to issue new rules and regulations is limited.[1] Moreover, the FDA's notification of request for comments and possible rulemaking does not address the core issues in this case as the case at bar does not involve or implicate any of the issues which prompted the FDA's recent request for comment: genetic engineering, use of pesticides, specific animal husbandry practices, food processing or manufacturing methods such as thermal technologies, pasteurization, or irradiation, and nutritional

---

[1.] THE WHITE HOUSE, OFFICE OF THE PRESS SECRETARY, *President Trump Works To Make Drugs More Affordable, Create Jobs* (Jan. 31, 2017), https://goo.gl/Rfsl04; Sheila Kaplan, *Could the FDA be Dismantled Under Trump?*, STAT (Nov. 22, 2016), https://www.statnews.com/2016/11/22/fda-donald-trump/.

Hon. Leonard D. Wexler
July 14, 2017
Page 2

benefits. *See* 80 Fed. Reg. 69,905. As such, Defendant's primary jurisdiction argument fails.

**2.     Plaintiff Has Plausibly Alleged Defendant's "Naturals" Labeling Is Deceptive.**

Plaintiff's consumer protection claims are judged by the objective "reasonable consumer" standard, which requires a showing "that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *22 (E.D.N.Y. July 21, 2010). It is a "rare situation in which granting a motion to dismiss is appropriate" under the reasonable consumer standard. *Williams*, 552 F.3d at 939; *see also In re Frito-Lay*, 2013 WL 4647512, at *15 ("What a reasonable consumer would believe the term 'natural' to mean on a food label cannot be resolved on this motion [to dismiss].").

Defendant argues it does not label or market its products as containing natural ingredients. However, "[a] reasonable juror could reach the conclusion that the label 'Naturals' means that the product is at least mostly comprised of natural ingredients." *Paulino v. Conopco, Inc.*, No. 14-CV-5145 JG RML, 2015 WL 4895234, at *5 (E.D.N.Y. Aug. 17, 2015). *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014), is directly on point. In *Goldemberg*, plaintiffs alleged the term "Active Naturals" on defendant's personal care products was deceptive because it conveyed to consumers that the products were completely natural, yet they contained synthetic ingredients. 8 F. Supp. 3d at 417-72, 478. The defendant moved to dismiss, arguing the phrase "Active Naturals" conveyed that the products contained active, natural ingredients, not that they were "100% Natural" and contained no synthetic ingredients. *Id.* at 478. The court declined to resolve the reasonable consumer inquiry as a matter of law. *Id.* at 479-80. *Goldemberg* is not alone in declining to dismiss claims that "naturals" labeling is likely deceive a reasonable consumer when the product contains synthetic ingredients. *See Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 WL 5372794, at *14 (E.D.N.Y. Sep. 26, 2016) ("Although Defendants are correct that [their] representations do not promise that the Product is 'all' or '100%' natural, a reasonable consumer could assume that the Product contains only natural ingredients.").

The Court should join numerous other courts in rejecting *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973 (C.D. Cal. 2013). *E.g.*, *Tsan v. Seventh Generation, Inc.*, 2015 WL 6694104, at *5 (N.D. Cal. Nov. 3, 2015) ("*Pelayo*'s reasoning has been heavily criticized by other courts. The Court agrees with these criticisms and declines to adopt the reasoning in *Pelayo*." (citations omitted)); *see also Balser v. Hain Celestial Group, Inc.*, 640 F. App'x 694 (9th Cir. 2016) (unpublished) (reversing dismissal where plaintiffs alleged "natural" labels were misleading due to presence of synthetic ingredients). Defendant's citation to *Astiana v. Kashi Co.*, 291 F.R.D. 493 (S.D. Cal. 2013), does not aid it because "*Astiana* was decided on a class certification motion based on evidence produced in that case beyond the pleadings." *Bohac v. Gen. Mills, Inc.*, No. 12-CV-05280-WHO, 2014 WL 1266848, at *5 (N.D. Cal. Mar. 26, 2014).

**3.     Plaintiff's Claims Will Survive a Motion to Dismiss.**

Contrary to Defendant's assertions, courts in this circuit have long recognized that plaintiffs can bring consumer protection claims concerning products which they did not personally purchase.[2] *See, e.g.*, *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012); *Segovia v. Vitamin Shoppe, Inc.*, 2016 WL 8650462, at *3 (S.D.N.Y. Feb. 5, 2016). Here, plaintiff purchased products from the defendant that are substantially similar to the other products

---

[2] *Dimuro v. Clinique Labs, LLC*, 572 Fed. App'x 27, 29 (2d Cir. 2014), is distinguishable because the products in that case contained markedly different labeling, whereas here all of the Products contained the same "Naturals" representation.

Hon. Leonard D. Wexler
July 14, 2017
Page 3

listed in the complaint. Thus, plaintiff has standing as to each of the products in the complaint.

Also, a price premium constitutes a pecuniary loss which qualifies as an injury under the Missouri Merchandising Practices Act and other states' consumer protection laws. *E.g.*, *Thornton v. Pinnacle Foods Grp. LLC*, No. 4:16-CV-00158 JAR, 2016 WL 4073713, at *3-4 (E.D. Mo. Aug. 1, 2016) (Missouri Merchandising Practices Act); *see also Orlander v. Staples*, Inc., 802 F.3d 289, 302 (2d Cir. 2015) (NY GBL § 349); *In re Riddell Concussion Reduction Litig.*, 121 F. Supp. 3d 402 (D.N.J. Aug. 3, 2015) (consumer protection laws of New Jersey, California, Florida, and Arizona); *Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 901 (N.D. Cal. 2012) (California's consumer laws).

Defendant advances the tenuous argument that variations in state law relative to consumer fraud and breach of warranty preclude certification under Federal Rule of Civil Procedure 23(b)(3). However, courts have specifically rejected this argument, holding differences in state law do not defeat class certification so long as the elements of the claims "are substantially similar." *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 135, 141 (S.D.N.Y. 2014).

Defendant also incorrectly argues privity is required to state a breach of warranty claim. Rather, product labeling constitutes an express warranty which does not require privity. *Sitt*, 2016 WL 5372794. at *15-17.

Furthermore, although the MMWA provides a federal class action remedy for express and implied breach of warranty claims, it "merely incorporates and federalizes state-law breach of warranty claims." *Brady v. Basic Research, LLC*, 101 F. Supp. 3d 217, 234 (E.D.N.Y. Mar. 31, 2015). MMWA claims "stand or fall with . . . warranty claims under state law." *Id.* Given that Plaintiff has properly pled her breach of warranty claims, Plaintiff's MMWA claim must not be dismissed.

Plaintiff's claims also meet the pleading requirements of Federal Rule of Civil Procedure 9(b) because they contain the who (Rexall Sundown), the what (falsely stated that the Products are "Natural" when they are not because they contain synthetic ingredients), the when (during the class period), and the where (Defendant's representations were prominently placed on the Products' packaging). Plaintiff even provides pictures of the deceptive labeling on each of the Products and lists the specific synthetic ingredients in each, which is greater than necessary under 9(b). *See In re Frito-Lay*, 2013 WL 4647512, at *24 (consumer protection claims were pled with even greater particularity than required by 9(b) when they described defendant's labeling, which ingredients were unnatural, and why said ingredients were unnatural).[3]

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's request for a pre-motion conference.

Respectfully submitted,

**HALUNEN LAW**

/s/ Melissa W. Wolchansky

Melissa W. Wolchansky

cc:  All counsel of record via CM/ECF

---

[3] Finally, Defendant incorrectly argues that Plaintiff's unjust enrichment claim fails. In *Ackerman*, 2010 WL 2925955 and *In re Bayer Corp. Combination Aspirin*, 701 F. Supp. 2d 356, 384 (E.D.N.Y. 2010), the courts rejected nearly identical arguments and denied motions to dismiss plaintiffs' claims regarding the defendants' misleading statements about their products.